PER CURIAM:
Claimant brought this action for motorcycle damage which occurred when his 2006 Suzuki Katana 600 struck a hole on Hillcrest Road, designated as County Route 23/1, in Fairmont, Marion County. Hillcrest Road is a public road maintained *196 by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 9:00 p.m. on August 6,2009. The evening was dark and foggy. Flillcrest Road is a hilly and curvy road. At the time of the incident, Claimant, Freeland Kent Miller, was driving home on his motorcycle. Mr. Miller testified that he was familiar with Hillcrest Road and the defect in the pavement; however, he is used to driving the area in an automobile rather than on a motorcycle. Claimant testified that on the night in question he was riding downhill and around a curve on Hillcrest road when his motorcycle struck the hole in the asphalt, approximately fourteen inches long by three feet wide and six inches deep. As a result of this incident, Claimant’s motorcycle sustained damage to the front tire and rim in the amount of $769.54. Claimant’s vehicle had liability insurance only.
The position of the Respondent is that it did not have actual or constructive notice of the condition on Hillcrest Road at the time of the incident. Michael Roncone, Highway Administrator for Respondent in Marion County, testified that he is familiar with Hillcrest Road, a secondary road. Mr. Roncone acknowledged that he was aware of a hole on Flillcrest Road prior to the date of the incident. However, according to Mr. Roncone, there had been rain in the area washing material out of the hole, and preventing Respondent crews from re-filling the hole.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the hole in the road on Flillcrest Road. Since a defect in the pavement in the driving portion of the lane created a hazard to the traveling public, the Court finds respondent negligent. However, in a comparative negligence jurisdiction, such as West Virginia, the negligence of a Claimant may reduce or bar recovery of a claim. In accordance with the finding of fact and conclusions of law stated herein above, the Court has determined that Claimant was 30% negligent for the incident that occurred. Since Respondent’s negligence was greater than the negligence of Claimant, Claimant may recover seventy per cent (70%) of his loss.
It is the opinion of the Court of Claims that the Claimant should be awarded the sum of $538.68.
Award of $538.68.